IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SKYWALKER HOLDINGS, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>YJIP Inc., a Texas corporation,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 1:16-cv-64-DB<br><br>Judge Dee Benson |

Before the Court is Defendant YJIP Inc. (YJIP)'s Motion to Dismiss. Dkt. 76. The motion has been fully briefed by both parties. YJIP is represented by Robert Mason and Skywalker Holdings, LLC (Skywalker) is represented by James Burton and Joshua Rupp. Neither party requested oral argument and the Court finds that oral argument is not necessary nor would it be helpful in this matter. Based on the written arguments of the parties and on the relevant facts and the law, the Court hereby enters the following Memorandum Decision and Order.

1

## BACKGROUND

In March, 2016, YJIP's attorney, Robert Mason, sent a letter to Skywalker asserting rights under United States Patent No. D555,222 (patent '222), and alleging that twenty-four of Skywalker's products infringe the patent. Following a series of communications between counsel for both companies, Skywalker filed this action seeking declaratory judgment of non-infringement and invalidity of the patent. Dkt. 2. YJIP filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction and in the alternative, for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6). Dkt. 42. YJIP argued that the Court lacked jurisdiction over YJIP and that Skywalker's claim of patent invalidity should be dismissed for failing to meet the requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 at 555-56, 570 (2007). The Court held in abeyance YJIP's motion regarding personal jurisdiction pending completion of jurisdictional discovery by Skywalker. Dkt. 56. The Court granted YJIP's motion to dismiss Skywalker's declaratory judgment of the patent invalidity claim. Dkt. 56. The Court granted Skywalker leave to file a Third Amended Complaint. Dkt. 74. Skywalker filed its Third Amended Complaint reasserting its two claims for relief. Dkt. 75. YJIP has now filed this motion to dismiss pursuant to Rule 12(b)(6). Dkt. 76.

## DISCUSSION

### A. NON-INFRINGEMENT CLAIM

#### 1. Waiver

YJIP argues that Skywalker's non-infringement claim should be dismissed because

Skywalker failed to assert a sufficient factual basis to state a claim that is "plausible on its face," pursuant to *Twombly*; 555 U.S. at 544. Skywalker disputes this argument and additionally contends that YJIP has waived its right to bring this motion because it could have and should have been included in YJIP's initial Rule 12(b)(6) motion filed earlier in this action. Dkt. 42.

Federal Rule of Civil Procedure 12(g) provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed.R.Civ.P. 12(g)(2). The Second Amended Complaint contained the identical cause of action for non-infringement as that alleged in the Third Amended Complaint. The argument YJIP makes here with regard to this cause of action could have been made in YJIP's previous Rule 12(b)(6) motion and was not. In failing to make the argument at that time, the Court finds, pursuant to Rule 12(g)(2), that YJIP has waived its right to move for dismissal of the non-infringement claim under Rule 12(b)(6).

2. Sufficiency of Pleading

Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S.662, 679 (2009). The complaint must provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Even if YJIP had not waived its right to bring this motion to dismiss the non-infringement claim, the Court finds that the factual allegations set forth in the Third Amended Complaint are sufficient to meet the requirements prescribed in *Iqbal* and *Twombly*. The allegations in the Third Amended Complaint are sufficient to state a declaratory judgment claim for non-infringement of patent

3

'222 "'that is plausible on its face.'" *Iqubal*, 556 U.S.at 676 (2009)(quoting *Twombly*, 550 U.S. at 570).

B. INVALIDITY CLAIM

YJIP also asserts that Skywalker has failed to allege sufficient facts to support its claim for declaratory judgment of invalidity of patent '222 under *Twombly*. Specifically, YJIP argues that Skywalker's factual allegations are insufficient to support that the patent is: (1) invalid under the enumerated statutes; (2) unenforceable; or that (3) the design is primarily functional.

YJIP's prior Rule 12(b)(6) motion also sought dismissal of Skywalker's asserted invalidity claim. Following the hearing on that motion, the Court issued an order allowing Skywalker to amend the complaint to increase its factual assertions. Skywalker has, in its Third Amended Complaint, identified specific prior art and asserted that the design is primarily functional. Drawing on its judicial experience and common sense, the Court finds that the factual allegations presented in the Third Amended Complaint provide "fair notice" of what Skywalker is seeking as well as the grounds upon which it does so. The Third Amended Complaint alleges a sufficient factual basis upon which Skywalker's declaratory judgment claim of invalidity of patent '222 is "plausible on its face," thereby satisfying the *Iqbal* and *Twombly* standard.

## CONCLUSION

For the foregoing reasons, YJIP's motion to dismiss is hereby DENIED.

DATED this 1st day of March, 2018.

_____
Dee Benson
United States District Judge